1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9    TONY EUGENE SAFFOLD,                        1:08-cv-01370-DLB (HC)

10                      Petitioner,              ORDER DISMISSING PETITION FOR WRIT
                                                 OF HABEAS CORPUS
11          v.
                                                 [Doc. 1]
12   JAMES HARLTEY,

13                      Respondent.

14   _____/

15

16          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

17   pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner consented to the

     jurisdiction of the United States Magistrate Judge. (Court Doc. 3.)
18
            Petitioner filed the instant petition for writ of habeas corpus on September 15, 2008.
19
     (Court Doc. 1.)  Petitioner contends that California Department of Corrections and Rehabilitation
20
     has refused to remove a C.D.C. 128B Chrono from his Central File indicating that he is an
21
     associate of the Eastside Area Crip gang.  As a result, Petitioner contends that he is in fear for his
22
     life.
23
                                             DISCUSSION
24
            Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary
25
     review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it
26
     plainly appears from the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the
27
     Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).  A
28

                                                     1

1   federal court may only grant a petition for writ of habeas corpus if the petitioner can show that

2   "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a).  A habeas corpus

3   petition is the correct method for a prisoner to challenge the "legality or duration" of his

4   confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez,

5   411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section

6   2254 Cases.   In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method

7   for a prisoner to challenge the conditions of that confinement.   McCarthy v. Bronson, 500 U.S.

8   136, 141-42 (1991);  Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee

9   Notes to Rule 1 of the Rules Governing Section 2254 Cases.

10           In this case, Petitioner is challenging the conditions of his confinement, not the fact or

11   duration of that confinement.  The placement and/or retention of the counseling chrono is

12   Petitioner's central file has not resulted in an adverse action against the duration of his

13   confinement.  Indeed, as stated by the Fifth District Court of Appeal, "[I]f that chrono or the

14   statement regarding its contents found in his 2005 Life Prisoner Evaluation Report is used to

15   make a decision that is adverse to petition, he may challenge that use through the administrative

16   appeals process and on habeas."  (Petition, at p.60.)[1]  Thus, at this juncture, Petitioner is not

17   entitled to habeas corpus relief, and this petition must be dismissed.

18           Although claims challenging the conditions of confinement, are brought under 42 U.S.C.

19   § 1983, for the reasons that follow, Petitioner's claim fails.  The Due Process Clause protects

20   against the deprivation of liberty without due process of law.  Wilkinson v. Austin, 545 U.S. 209,

21   221, 125 S.Ct. 2384, 2393 (2005).  In order to invoke the protection of the Due Process Clause, a

22   plaintiff must first establish the existence of a liberty interest for which the protection is sought.

23   Id.  Liberty interests may arise from the Due Process Clause itself or from state law.  Id.  Under

24   state law, the existence of a liberty interest created by prison regulations is determined by

25   focusing on the nature of the deprivation.  Sandin v. Conner, 515 U.S. 472, 481-84, 115 S.Ct.

26   2293 (1995).  Liberty interests created by state law are "generally limited to freedom from

27   _____

28           [1] The reference to the page numbers of the Petition is to the pagination as it appears on the Court's Case Management Electronic Filing System.

2

1  restraint which . . . imposes atypical and significant hardship on the inmate in relation to the

2  ordinary incidents of prison life."  Id. at 484; Myron v. Terhune, 476 F.3d 716, 718 (9th Cir.

3  2007).

4        Plaintiff's allegations concerning a counseling chrono located within his central file "[do]

5  not present the type of atypical, significant deprivation in which a State might conceivably create

6  a liberty interest."  Sandin, 515 U.S. at 484-86.  Respondent has agreed to place a statement of

7  disagreement concerning the information contained in the CDC 128B Chrono, and no adverse

8  action has been taken against Petitioner.  (Petition, at 57.)  Indeed, Petitioner raises only a

9  generalized assertion that he is in fear of his life.  Because Plaintiff does not have a protected

10  liberty interest in his central file, Plaintiff fails to state a cognizable due process claim under

11  section 1983.

12                                 ORDER

13     Based on the foregoing, it is HEREBY ORDERED that:

14      1.      The instant petition for writ of habeas corpus is DISMISSED; and,

15      2.      The Clerk of Court is directed to terminate this action in its entirety.

16

17     IT IS SO ORDERED.

18    **Dated:**   **October 4, 2008**               **/s/ Dennis L. Beck**
                                             UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28